IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STATE FARM LLOYDS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-318-O |
| | § | |
| TONY RAY BROWN, et al., | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff State Farm Lloyds' Motion for Summary Judgment (Doc. # 26), Brief in Support (Doc. # 27), and Appendix in Support ("App.") (Doc. # 28), filed December 1, 2008. Defendants Tony Ray Brown, Luis Rosales, and Monica Madrid have failed to respond to this motion.

Having reviewed the relevant filings, the evidence, and the law applicable to the issues raised, the Court finds as follows:

I.    <u>Background</u>

On August 24, 2006, Defendant Tony Ray Brown ("Brown") shot Defendant Luis Rosales ("Rosales") in the face with a .32 caliber automatic pistol. On November 20, 2007, Rosales, together with his wife and children, filed Plaintiffs' Original Petition in Cause No. DC-07-13736-H (the "underlying suit") in the 160th Judicial District Court of Dallas County, Texas, seeking damages against Brown. Brown then demanded that Plaintiff State Farm Lloyds defend and indemnify him in the underlying suit pursuant to Brown's homeowners policy ("policy"), policy 43-87-2766-9.

After receiving Brown's demand, State Farm issued a reservation of rights notifying

1

Brown of specific coverage questions. App. at 6-8. Subject to the reservation of rights, Plaintiff agreed to defend Brown pending resolution of the referenced coverage questions. The Law Office of Michael W. Minton entered an appearance on behalf of Brown after being retained by Plaintiff. After Mr. Minton answered the petition, Brown failed and/or refused to cooperate with his defense, including missing scheduled appointments and failing to assist in responding to discovery requests. The 160th District Court of Dallas County allowed Mr. Minton to withdraw as counsel of record as a result of Brown's failure to cooperate *Id.* at 9-12.

On February 22, 2008, Plaintiff filed this suit, asking the Court to enter a declaratory judgment concerning the rights and obligations of the parties under Brown's homeowners policy.[1] On December 1, 2008, Plaintiff filed its motion for summary judgment, asking the Court to declare that it has no duty or obligation to defend or indemnify Tony Ray Brown for the claims against Brown arising out of the August 24, 2006 incident. Defendants Tony Ray Brown, Luis Rosales, and Monica Madrid have not responded to this motion.

Plaintiff's motion is ripe for determination.

## II.     Legal Standards

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the

---

[1] Plaintiff's Third Amended Complaint, filed January 7, 2009, is the live pleading in this action. Defendant Brown was served this complaint, but has failed to respond within the time frame allowed under the Federal Rules of Civil Procedure.

non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show. . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. Neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Summary judgment in favor of the defendant is proper if, after adequate time for discovery, the plaintiff fails to establish the existence of an element essential to his case and to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

When weighing the evidence on a motion for summary judgment, the Court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The Court cannot make a

credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

Summary judgment may not be awarded by default. *See Hibernia Nat'l Bank v. Administraction Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also Ford-Evans v. Smith*, 206 Fed.Appx. 332, 334 (5th Cir. 2006). A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. *Simco Enterprises, Ltd. v. James River Ins. Co.*, 566 F.Supp.2d 555, 560 (E.D. Tex. 2008). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Hetzel v. Bethlehem Steel Corp.,* 50 F.3d 360, 362 n.3 (5th Cir. 1995) (quoting *Hibernia Nat'l Bank*, 776 F.2d at 1279); *see also Owens v. Town of Delhi*, 469 F.Supp.2d 403, 405 (W.D. La. 2007); *Royal Surplus Lines Inc. Co. v. Brownsville Indep. Sch. Dist.,* 404 F.Supp.2d 942, 947 (S.D. Tex. 2005).

III.    Analysis

Plaintiff asks the Court for a declaration that it has no duty to defend and indemnify Brown. Plaintiff argues that there is no coverage under the policy because Brown violated a policy covenant. Specifically, Plaintiff contends Brown violated a contract provision requiring the insured cooperate with the insurer. This provision provides that, among other things, the insured shall assist in securing and giving evidence, attend hearings and trials, and assist in obtaining attendance of witnesses. *See* App. at 37. The provision also states that the insured

should not, except at insured's own cost, voluntarily make payments, assume obligations, or incur expenses. *Id.*

It is well established under Texas law that an insured's breach of a cooperation provision relieves an insurer of liability on the policy. *Filley v. Ohio Casualty Ins. Co.*, 805 S.W.2d 844, 847 (Tex.App.—Corpus Christi 1991, writ denied). An insurer must show prejudice from the failure to cooperate to be relieved of any contractual obligations. *See Paj, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630 (Tex. 2008). Cooperation clauses are intended to guarantee to insurers the right to prepare adequately their defenses on questions of substantive liability. *Lafarge Corp. v. Hartford Cas. Ins. Co.*, 61 F.3d 389, 397 (5th Cir. 1995).

Plaintiff has submitted Mr. Milton's motion to withdraw as Brown's counsel in the underlying suit. In this motion, Mr. Milton states that good cause existed for his withdrawal as Brown's attorney because Brown failed to attend scheduled appointments to discuss facts of the case, respond to discovery, and to prepare for his deposition. App. at 9-10. Plaintiff has also submitted the state court's order granting the motion to withdraw. App. at 12. As noted above, Defendants have offered no arguments or evidence in response.

The Court finds that the evidence demonstrates that there is no genuine issue of material fact regarding whether Brown failed to cooperate under the policy, causing prejudice to Plaintiff. Plaintiff has produced evidence that Brown refused to cooperate with his attorney in the underlying lawsuit, resulting in the attorney's withdrawal and depriving Plaintiff of its right to participate in Brown's defense. According to the state court judgment, Brown even failed to appear at the trial and judgment was entered based on his opponents' evidence alone. Defendants have not presented any evidence raising a material issue of fact on these issues.

Brown's failure to cooperate prejudiced Plaintiff, as it deprived Plaintiff of any opportunity to put on evidence disputing liability or damages for the shooting. The Court finds that under Texas law, Brown's failure to cooperate in the underlying suit relieves Plaintiff of any obligation to defend or indemnify that may exist under the policy.[2] *See Maryland Cas. Ins. Co. v. Am. Home Assurance Co.*, 277 S.W.3d 107 (Tex.App.—Hous.[1st Dist.] 2009, pet. filed) (insurer relieved of obligations under an insurance contract requiring notice of suit where notice of suit was provided to insurer so late that it wholly deprived insurer of its ability to defend the lawsuit); *Progressive County Mutual Ins. Co. V. Trevino*, 202 S.W.3d 811, 818 (Tex. App.—San Antonio, 2006)(finding prejudice as a matter of law where insured refused to cooperate with insurer); *see also Am. Nat'l Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 324 (5th Cir. 2001) (if the Court finds that the insurer has no duty to defend, then there is no duty to indemnify).

IV.   Conclusion

For the foregoing reasons, the Court finds that Plaintiff State Farm Lloyds' motion for summary judgment should be and is hereby **GRANTED**. The Court will issue a separate judgment consistent with this ruling.

**SO ORDERED** on this **9th** day of **September, 2009**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff makes additional arguments in support of its position that it has no duty to defend or indemnify Defendant Brown, including that the shooting incident does not constitute an "accident" under the policy, and that the policy excludes injuries that results from willful or malicious acts or were injuries that were expected or intended by the insured. The Court does not need to reach these arguments because, assuming these arguments fail, Plaintiff is still entitled to summary judgment because there is no genuine issue of fact as to whether Brown failed to cooperate as required by the policy, resulting in prejudice to Plaintiff.